UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AMDIJA KUCEVIC,                                                              COMPLAINT

                         Plaintiff,                                            Civil Action No.

                v.                                                                  07-CV-7213

BUILDING SERVICE 32B-J PENSION FUND
   and THE BOARD OF TRUSTEES of the
BUILDING SERVICE 32B-J PENSION FUND,

                       Defendants.
-----------------------------------------------------------X

        Plaintiff, AMDIJA KUCEVIC, by his attorneys, *Fusco, Brandenstein & Rada, P.C.,* complaining of defendants, alleges:

        1.     This action is governed by the Employee Retirement Income and Security Act of 1974 ["ERISA"], as amended, 29 U.S.C. §§ 1001 *et seq.*, specifically under 29 U.S.C. §1132(a)(1)(B), since plaintiff is a "participant" seeking to enforce his rights to recover benefits under a group Long Term Disability ["LTD"] Pension Plan, which thus raises a federal question, and comes under the jurisdiction of this Court, as provided by 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(i).

        2.     Plaintiff currently and at all times relevant to consideration has resided at 268-08 83 Avenue, New Hyde Park, New York 11040.

        3.     Defendants share a principal office at 101 Avenue of the Americas, New York, New York 10013-1906, within the Southern District of New York.

        4.     Plaintiff was employed performing building maintenance and cleaning from 1974 to approximately 1991, and then became a building doorman until January 25,

2006, was a union member of Local 32B-J (or predecessors in interest) at all times relevant to consideration, and is fully vested for benefits available through the BUILDING SERVICE 32B-J PENSION FUND ["the FUND"].

5. Plaintiff made claim for Disability Pension with the FUND on or about August 15, 2006, indicating that she last worked on January 25, 2006, and explained that he was disabled due heart disease and a low back problem.

6. Plaintiff was awarded and receives Social Security disability benefits.

7. The Fund issued a Summary Plan Description ["SPD"] to participants (dated July 1, 2005) in which it states (page "11"):

> You are eligible for a Disability Pension if you have at least 120 months (10 years) of Service Credit and you become totally and permanently disabled while working in covered employment. There is a 6-month waiting period between the date when your first become totally and permanently disabled and the date when your disability pension can begin.
> Total and permanent disability is the permanent inability to work in any capacity, as determined by the Trustees or persons they designate. You will not satisfy this definition of total and permanent disability just because you are unable to continue in your usual occupation; you must be forever unable to perform any gainful employment to meet this Plan requirement.

8. If plaintiff is "totally and permanently disabled," then his disability pension benefits would commence July 25, 2006.

9. Defendants denied plaintiff's claim for a disability pension on September 21, 2006 and plaintiff submitted a handwritten appeal letter dated November 6, 2006.

10. In processing plaintiff's appeal, Defendants sent plaintiff to an independent medical examination with Mark Nachamie, M.D., and the report, dated February 10, 2007, documents a physical examination on December 27, 2006.

11. Dr. Nachamie's report indicates, in pertinent part:

      (a)    a history of three heart attacks;

      (b)    complaints of "left arm discomfort all of the time and occasional sharp left sided chest pain which is not clearly related to exertion";

      (c)    review of a "note from his cardiologist, Dr. Evan Schwartzwald … that he is status post myocardial infarction, has had multiple stent placements, has a history of chronic angina and has chronic chest pain and shortness of breath" … and that following cardiac rehabilitation "Mr. Kucevic would be able to return to work on September 2006";

      (d)    physical examination found "blood pressure is 190/110";

      (e)    EKG showed various abnormalities;

      (f)    discussion/impression indicating a lack of various cardiac tests in the medical records he reviewed, so that Mr. Kucevic's "physician's recommendation that he is disabled without this objective data cannot be assessed;" and

      (g)    answers to questions posed by defendants, saying that he cannot whether there are restrictions on Mr. Kucevic's ability to function without, *e.g.,* the stress test and angiogram performed in 2006.

12.    One of the notes referenced by Dr. Nachamie from Dr. Schwartzwald (dated July 25, 2006) said Mr. Kucevic was "Totally disabled" and estimated return to work by "9/06", but then indicated "N/A" (*i.e.,* not applicable), begging further clarification.

13.    Another note from Dr. Schwartzwald dated November 1, 2006 states that "Mr. Kucevic is totally and permanently disabled."

14. On this evidence, Defendants again denied plaintiff's claim for Disability Pension on March 26, 2007, stating that the Trustees' Appeals Committee heard his appeal on March 21, 2007 and determined that although Dr. Schwartzwald found him "totally disabled," he indicated Mr. Kucevic "should be re-examined in 6-12 months," therefore, the Trustees concluded, "you were not totally and permanently disabled…."

15. Plaintiff did not attend the meeting of the Trustees' Appeals Committee on March 21, 2007 and was *pro se* throughout the claims process, which closed upon issuance of defendants' (final) determination of March 26, 2007.

16. Plaintiff then sought assistance of counsel and on April 18, 2007 wrote to the Trustees to request the Plan documents and "copies of all documents in your custody or control concerning his claim for a Disability Pension."

17. Defendants responded a letters dated April 26, 2007, enclosing the Plan documents and only 13 pages of claims documents as follows:

| | |
|---|---|
| pp. 1-2 | denial letter of March 26, 2007; |
| p. 3 | February 23, 2007 notice of hearing on March 21; |
| p. 4 | January 12, 2007 notice that review is pending; |
| p. 5 | November 21, 2006 acknowledgment of appeal; |
| pp. 6-7 | plaintiff's appeal of November 6, 2006; |
| p. 8 | Application for Disability Benefits August 15, 2006; |
| pp. 9-10 | Dr. Schwartzwald's statement of July 25, 2006; |
| p. 11 | Dr. Schwartzwald's note of November 1, 2006; and |
| pp. 12-13 | Dr. Nachamie's report of February 10, 2007. |

18. By letter dated May 16, 2007, plaintiff's counsel wrote to the Trustees to either confirm that the 13 pages received were all they had or to obtain what was missing.

19. By letter dated May 18, 2007, defendants re-sent the same 13 pages, but added their initial denial letter of plaintiff's claim dated September 16, 2006 (an

4

additional 3 pages), so it appears that the entire claims record before the plan administrators was only 16 pages.

20. Defendants arbitrarily and capriciously: (a) ignored their independent medical examiner, Dr. Nachamie, when he explained it was not possible to assess disability without additional records (*e.g.*, the stress test and angiogram of 2006); and (b) never requested the pertinent records from Dr. Schwartzwald.

21. Defendants' failure to request Dr. Schwartzwald's records, both in light of Dr. Nachamie's admittedly incomplete assessment, and the fact that plaintiff was *pro se,* demonstrates that defendants egregiously breached their fiduciary duties to plaintiff and, consequently, plaintiff did not receive a full and fair review of his claim for a Disability Pension.

22. The decision to deny plaintiff's claim for Disability Pension was not based upon substantial evidence.

23. Plaintiff is "totally and permanently disabled" within the meaning of the Plan.

24. Plaintiff is entitled to a Disability Pension under the Plan, his benefit should be calculated by defendants in keeping with the Plan, and he should receive such benefits from July 25, 2006 continuing to date, and for long as he shall remain disabled.

25. However, because plaintiff did not receive a full and fair review and the decision was not based upon substantial evidence, this matter should be remanded so that the Trustees may receive and consider Dr. Schwartzwald's medical records regarding plaintiff, prior to re-determining plaintiff's disability.

WHEREFORE, plaintiff, AMDIJA KUCEVIC, requests Judgment against defendants, finding that the determination to deny his Disability Pension benefits: (a) was a breach of fiduciary duty; (b) deprived him of a full and fair review of his claim; (c) was not based upon substantial evidence; and (d) was arbitrary and capricious.

Plaintiff also requests a ruling that he is entitled to attorney fees pursuant to 29 U.S.C. § 1132(g)(1) and costs associated in maintaining this action to date.

Finally, Plaintiff requests that this Court issue an Order to Remand this matter for further proceedings (so that the Trustees may receive and timely consider Dr. Schwartzwald's medical records regarding plaintiff, prior to re-determining plaintiff's disability), and to retain jurisdiction during remand (so that plaintiff need not commence another civil action in the event defendants once again arbitrarily dismiss his claim).

Dated:  Woodbury, New York
        August 15, 2007

                                Yours,

                                Fusco, Brandenstein & Rada, P.C.
                                Attorneys for Plaintiff
                                180 Froehlich Farm Boulevard
                                Woodbury, New York 11797
                                (516) 496-0400

                                By:    /s/_____
                                       Aba Heiman, Esq. (AH-3728)